UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF FLORIDA

Case No.

ROGER ANDREU, individually and
on behalf of all others similarly
situated under 29 U.S.C. § 216(b),

    Plaintiffs,
v.

WASTE PRO OF FLORIDA, INC., a Florida corporation,
JOHN J. JENNINGS, individually, and
RUSSELL MACKIE, individually,

    Defendants.
_____/

## COMPLAINT

COMES NOW, Plaintiff, ROGER ANDREU on behalf of himself and all others similarly situated under 29 U.S.C. § 216(b) ("Plaintiff"), by and through undersigned counsel and hereby files this Complaint against the Defendants, WASTE PRO OF FLORIDA, INC., JOHN J. JENNINGS, and RUSSELL MACKIE (collectively "Defendants") and alleges the following:

## JURISDICTION & VENUE

1. Plaintiff, ROGER ANDREU ("Plaintiff" or "Andreu"), is an individual, a citizen of the State of Florida, and a resident of Broward County, Florida.

2. Defendant, WASTE PRO OF FLORIDA, INC. ("WPF"), is a for profit corporation organized and existing under the laws of the State of Florida with its principal place of business in Seminole County, Florida and is a citizen of the State of Florida.

3. Defendant, JOHN J. JENNINGS ("Jennings"), is an individual, a citizen of the State of Florida, and a resident of Seminole County, Florida.

4. Defendant, RUSSELL MACKIE ("Mackie"), is an individual, a citizen of the State of Florida, and a resident of Broward County, Florida.

5. This Court has subject matter jurisdiction over the instant action under 28 U.S.C. § 1331 and 29 U.S.C. § 216(b).

6. This Court has personal jurisdiction over the Defendants in this action because the Defendants are citizens and residents of the State of Florida, transact business in the State of Florida and because the causes of action set forth in this Complaint arose in the State of Florida.

7. Venue is appropriate in the Southern District of Florida pursuant to 28 U.S.C. § 1391(b)(1).

## ALLEGATIONS GIVING RISE TO ALL COUNTS

8. Since May 2014, Defendant WPF has been an "employer" as defined by the Fair Labor Standards Act ("FLSA"), 29 U.S.C. §§ 201 *et seq.*, and an "enterprise engaged in commerce" because WPF, a waste disposal, collection, and transportation business, has regularly employed at least two employees who handle materials such as grapple trucks, rear loaders, and roll off trucks manufactured outside of Florida by Mack Trucks, Inc. and Kenworth, a Paccar Company, integral to WPF's commercial purpose and business and necessary for picking up/loading/collecting garbage, bulk waste, solid waste, recyclables, trash, and other waste products (hereinafter generally referred to as "waste products") from residential and commercial locations and transporting said waste products over local roads and interstate highways and delivering said waste products to landfills and other waste management facilities in Florida for disposal and incineration.

9. Since May 2014, Defendant WPF's gross volume of sales or business has exceeded $500,000.00 annually.

10. From on or about October 2013 until his resignation on May 2, 2017, Plaintiff was an employee of Defendants.

11. Plaintiff was a 'helper' for the first two months of his employment with Defendants. As a

helper, Plaintiff rode on the back of Defendants' trucks and helped the truck driver pick up, transport, and deliver waste products in Broward County, Florida.

12. From on or about December 2013/January 2014 until on or about December 2015, Plaintiff was employed by Defendants as a bulk route and roll off truck driver in WPF's Pembroke Pines, Florida division.

13. From on or about December 2015/January 2016 until on or about September 2016, Plaintiff was employed by Defendants as a roll off, grapple, and rabbit truck driver in WPF's Pompano Beach, Florida division.

14. From on or about September 2016 until on or about May 2017, Plaintiff was employed by Defendants as lead truck driver for WPF's Pompano Beach, Florida division.

15. While employed by Defendants as a truck driver, Plaintiff drove WPF's trucks containing waste products from residential and commercial locations to landfills and waste facilities for disposal and incineration.

16. Plaintiff drove WPF's trucks containing waste products primarily in Broward County, Florida, and occasionally in Palm Beach County, Florida.

17. Plaintiff never drove WPF's trucks outside of the State of Florida and never transported waste products across state lines.

18. At all times material, Jennings was Plaintiff's "employer" as defined by 29 U.S.C. § 203(d) because Jennings managed, owned, and/or operated WPF and regularly exercised authority to: (a) hire and fire WPF's employees; (b) determine the work schedules of WPF's employees including Plaintiff; (c) set the rate of pay for WPF's employees including Plaintiff; and (d) control the finances and day to day operations of WPF.

19. At all times material, Mackie was Plaintiff's "employer" as defined by 29 U.S.C. § 203(d) because Jennings managed and/or operated WPF and regularly exercised authority to: (a) hire and

fire WPF's employees; (b) determine the work schedules of WPF's employees including Plaintiff; (c) set the rate of pay for WPF's employees including Plaintiff; and (d) control the finances and day to day operations of WPF.

20. At all times material, Defendants did not pay Plaintiff and Defendants' employees similarly situated to Plaintiff overtime wages in accordance with the FLSA.

21. At all times material, Defendants paid Plaintiff and Defendants' employees similarly situated to Plaintiff a day rate.

22. Despite paying Plaintiff and Defendants' employees similarly situated to Plaintiff a day rate, Defendants did not pay Plaintiff and Defendants' employees similarly situated to Plaintiff overtime in accordance with the FLSA and 29 C.F.R. § 778.112.

23. During Plaintiff's employment with Defendant, Defendant WPF kept daily time logs for Plaintiff.

24. During Plaintiff's employment with Defendant, Plaintiff clocked in and clocked out on a daily basis.

25. At all times material, Defendants signed off on Plaintiff's timesheets reflecting the total amount of hours worked by Plaintiff in a two-week period before Plaintiff was paid for those hours.

26. At all times material, Plaintiff's duties did not necessitate irregular hours of work.

27. At all times material, Defendants did not have a bona fide contract with Plaintiff in accordance with 29 U.S.C. § 207(f).

28. At all times material, Defendants' employees regularly complained to Defendants and to each other about the long hours and lack of overtime pay.

29. Plaintiff has complied with all conditions precedent to bringing this suit.

## COUNT I
## VIOLATION OF FAIR LABOR STANDARDS ACT ("FLSA")
### Against All Defendants

30. Plaintiff re-avers and re-alleges all of the allegations set forth in Paragraphs 1 through 29 of this Complaint as if set forth herein at length.

31. This is an action to recover unpaid overtime compensation under the Fair Labor Standards Act ("FLSA"), 29 U.S.C. §§ 201 *et seq.*

32. This case is brought as a collective action under 29 U.S.C. § 216(b) as it is believed that the Defendants have employed several other similarly situated employees like Plaintiff who have not been paid overtime and/or minimum wages for work performed in excess of 40 hours per week within the three- year period immediately preceding the date of this Complaint's filing.

33. From May 9, 2014 until May 2, 2017, Plaintiff worked an average of sixty-two (62) hours per week for Defendants and was paid an average of $22.58 per hour but was never paid at a rate not less than one and one-half times Plaintiff's regular rate of pay for any hours worked in excess of 40 hours in one week as required by the FLSA.

34. During his employment with Defendants, Plaintiff asked Defendant Mackie about being paid overtime compensation. In response to Plaintiff's overtime inquiry, Mackie told Plaintiff that employees in Plaintiff's line of business were paid a day rate instead of traditional overtime wages and that "it is what it is, that's how it works".

35. Defendants knew or had reason to believe that Plaintiff regularly worked more than 40 hours per week without being paid the proper overtime rate.

36. Defendants willfully and intentionally refused to pay Plaintiff's overtime wages as required by the FLSA because Defendants knew of the overtime requirements of the FLSA and recklessly failed to investigate whether Defendants' payroll practices were in accordance with the FLSA.

37. At present, Defendants remain owing Plaintiff overtime wages for the following time

period Plaintiff was employed by Defendants: May 9, 2014 – May 2, 2017.

38.  Plaintiff is entitled to: (i) time-and-a-half overtime pay and (ii) liquidated damages pursuant to the FLSA, 29 U.S.C. §§ 201 *et seq*.

39.  Plaintiff seeks recovery of damages as referenced above and further seeks interest, costs, and reasonable attorneys' fees pursuant to 29 U.S.C. § 216(b).

**WHEREFORE**, Plaintiff respectfully requests that this Court enter a judgment in favor of Plaintiff and against Defendants, jointly and severally, in the amount of Plaintiff's unpaid overtime compensation to be proven at trial and an additional equal amount as liquidated damages, Plaintiff's reasonable attorneys' fees, and costs of this action pursuant to 29 U.S.C. 216(b); interest; and any such further relief as this Court deems just and equitable under the circumstances.

## DEMAND FOR JURY TRIAL

40.  Plaintiffs hereby demand a trial by jury on all issues so triable.

**DATED this 9th day of May, 2017.**

        Respectfully submitted,

        */s/ Marc E. Rosenthal*

        Marc E. Rosenthal, Esq.
        **ROSENBERG CUMMINGS & EDWARDS PLLC**
        *Counsel for Plaintiff*
        802 NE 20th Avenue
        Fort Lauderdale, Florida 33304
        (954) 769-1344
        Marc@RosenbergCummings.com
        Florida Bar Number: 117561

.