UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 17-60926-CIV-DIMITROULEAS

ROGER ANDREU, individually and
on behalf of all others similarly
situated under 29 U.S.C. § 216(b),

                                                    Magistrate Judge Snow

        Plaintiff,

vs.

WASTE PRO OF FLORIDA, INC., a Florida corporation,
JOHN J. JENNINGS, individually, and
RUSSELL MACKIE, individually,
        Defendants.
_____/

## ORDER DENYING, WITHOUT PREJUDICE, DISMISSAL OF DEFENDANT JOHN J. JENNINGS

THIS CAUSE is before the Court on the Joint Stipulation of Dismissal [DE 33] (the "Stipulation"), filed herein on December 11, 2017. The Court has carefully considered the Stipulation and is otherwise fully advised in the premises.

In the above-styled case, Plaintiff alleges that the Defendants violated the Fair Labor Standards Act ("FLSA"), and therefore *any* settlement agreement must be approved by the Court. *See Lynn's Food Stores, Inc. v. United States*, 679 F.2d 1350, 1352-53 (11th Cir. 1982). Accordingly, the Court mandates that any voluntary dismissal or stipulation of dismissal will require the parties to submit a settlement agreement for judicial review and approval.   Further, the Court finds that in order to effectuate the Eleventh Circuit's requirement dictated by *Lynn's Food*, even dismissals without prejudice require the Court to review any settlement agreement that has been reached by the parties. *See Lynn's Food*, 679 F.2d at 1352 ("Congress made the FLSA's provisions mandatory; thus, the provisions are not subject to negotiation or bargaining between employers and employees.").

Here, Plaintiff has not stated whether there is any such settlement agreement underlying the sought-after dismissal of Defendant John J. Jennings.[1]

Accordingly, it is hereby **ORDERED AND ADJUDGED** as follows:

1.  The Stipulation [DE 33] is **DENIED without prejudice** and is ineffective in dismissing this action against Defendant John J. Jennings;

2.  Plaintiff may refile the Stipulation, including a statement that there is no settlement agreement or by including the terms of any settlement agreement if one exists, on or before **December 19, 2017**.

**DONE AND ORDERED** in Chambers at Fort Lauderdale, Broward County, Florida, this 12th day of December, 2017.

WILLIAM P. DIMITROULEAS
United States District Judge

Copies furnished to:

Counsel of record

---

1 The Court recognizes that there may be situations in which the plaintiff chooses to voluntarily dismiss the case, even if there has been no settlement or compromise.

(1)    In that event, the court will require the notice of voluntary dismissal to affirmatively state that (a) no settlement agreement has been reached, *and* (b) the plaintiff has voluntarily chosen to abandon the FLSA claims at this time.

(2)    The Court will construe such a dismissal to be without prejudice, regardless of the language used in the notice.   Plaintiff will be able to re-file or otherwise pursue the claim in the future, subject to the statute of limitations.