UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 17-60926-CIV-DIMITROULEAS/SNOW

ROGER ANDREU,

    Plaintiff,

vs.

WASTE PRO OF FLORIDA, *et al.*,

    Defendants.
_____/

**REPORT AND RECOMMENDATION**

THIS CAUSE is before the Court on the Plaintiff Roger Andreu's Unopposed Motion and Incorporated Memorandum of Law in Support of Plaintiff's Bill of Costs (ECF No. 139), which was referred to United States Magistrate Judge, Lurana S. Snow, for report and recommendation. The Defendant did not respond to the motion and it is ripe for consideration.

This was an action for unpaid overtime pursuant to the Fair Labor Standards Act (FLSA). The case proceeded to trial and the jury rendered a verdict in favor of the Plaintiff. (ECF No. 125). The Plaintiff asks the Court to tax costs in the amount of $3,145.28, based on $400.00 in fees of the Clerk (filing fee), $180.00 for service of process, $2,525.28 for transcripts and $40.00 for witness fees. The Defendants have not objected to these costs.

**I. ANALYSIS**

Pursuant to Fed.R.Civ.P. 54(d) and 28 U.S.C. § 1920, the Court shall award costs to the prevailing party in a lawsuit. Rule 54(d) creates a presumption in favor of awarding costs, which the opposing party must overcome. Manor Healthcare Corp. v. Lomelo, 929 F.2d 633, 639 (11th Cir. 1991).

Taxable costs are identified in 28 U.S.C. § 1920:

(1) Fees of the clerk and marshal;

      (2) Fees of the court reporter for all or any part of the stenographic transcript necessarily obtained for use in the case;

      (3) Fees and disbursements for printing and witnesses;

      (4) Fees for exemplification and the cost of making copies of any materials where the copies are necessarily obtained for use in the case;

      (5) Docket fees under section 1923 of this title;

      (6) Compensation of court appointed experts, compensation of interpreters, and salaries, fees, expenses, and costs of special interpretation services under section 1828 of this title.

The decision to award costs is discretionary with the Court, but the Court may tax items specifically enumerated in § 1920, absent alternative contractual or statutory authority. Crawford Fitting Co. v. J.T. Gibbons, Inc., 482 U.S. 437, 445 (1987).

In the instant case, all of the Plaintiff's claimed costs are taxable under § 1920 and the Defendants have not objected. However, a review of the invoices attached to the Motion reflects that the charges incurred by the Plaintiff for service of process total $192.25 (ECF No. 139-1 at 7, 10, 12). Therefore, the Plaintiff's claimed costs should be increased by $12.25, making the total cost award $3,157.53.

## II. CONCLUSION

This Court having considered carefully the pleadings, arguments of counsel, and the applicable case law, it is hereby

RECOMMENDED that Plaintiff Roger Andreu's Unopposed Motion and Incorporated Memorandum of Law in Support of Plaintiff's Bill of Costs (ECF No. 139) be GRANTED, in part, and that the Plaintiff be awarded costs in the amount of $3,157.53.

The parties will have 14 days from the date of being served with a copy of this Report and Recommendation within which to file written objections, if any, with The Honorable William P. Dimitrouleas, United States District Judge. Failure to file objections timely shall bar the parties from a de novo determination by the District Judge of an issue covered in the Report and shall bar

the parties from attacking on appeal unobjected-to factual and legal conclusions contained therein, except upon grounds of plain error if necessary in the interest of justice. See 28 U.S.C. § 636(b)(1); Thomas v. Arn, 474 U.S. 140, 149 (1985); Henley v. Johnson, 885 F.2d 790, 794 (1989); 11th Cir. R. 3-1 (2016).

DONE AND SUBMITTED at Fort Lauderdale, Florida, this 17th day of May, 2018.

_____
LURANA S. SNOW
UNITED STATES MAGISTRATE JUDGE

Copies to:

Counsel of record